UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON M. PACKNETT,                         Case No. 13-12064

      Plaintiff,                             District Judge David M. Lawson
                                             Magistrate Judge Laurie J. Michelson
v.

GOVERNOR RICK SNYDER,

      Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION TO DISMISS [8]

Plaintiff Brandon M. Packnett brought this lawsuit against Governor Rick Snyder to challenge Michigan's legal drinking age. (Dkt. 1, Compl.) Packnett maintains that Article IV, Section 40 of Michigan's Constitution, which provides that alcoholic beverages may not be sold to, given to, or possessed by a person less than 21 years of age, violates the Equal Protection clause of the United States Constitution. The Governor filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 8, Mot.) That motion is before this Court for a report and recommendation. (Dkt. 9.) Packnett opposes the motion. (Dkt. 10, Resp.) The Court has reviewed the briefs and does not believe that oral argument will substantially aid in resolving the parties' dispute. *See* E.D. Mich. 7.1(f)(2). As discussed below, the Court agrees with the Governor that Packnett lacks standing and failed to state a claim. Therefore, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE and without leave to amend**.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Allegations in a complaint drafted by a *pro se* plaintiff are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "the administration of justice is not well served by the filing of premature, hastily drawn complaints," and even a pro se litigant "must conduct enough investigation to draft pleadings that meet the requirements of federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 & n.13 (1984).

Packnett alleges that the Governor's "failure to ensure that state priorities, goals, and statistical accomplishments of and associated with Article IV section 40 were accurately presented and this misconduct and or negligence has directly resulted in the violation of the Equal Protection Clause and Citizenship Clause of 14th amendment to the United States Constitution for adults age

18-20 by the implementation, enforcement, and maintenance of a discriminatory and arbitrary amendment with Article IV Section 40 of the Michigan Constitution." (Compl. at Pg ID 1.) The Complaint has two parts. First, Packnett argues that "Article IV section 40," mandating a drinking age of 21, "is based on both mathematical and formal fallacies as the statistics reported by the state are inaccurate and the logic behind Article IV section 40 is invalid." (Compl. at Pg ID 2.) His argument is largely copied wholesale from an academic article, *Does the Minimum Legal Drinking Age Save Lives?* by economist Jeffrey A. Miron and law professor Elina Tetelbaum, which Packnett attached as an exhibit to the Complaint.[1] (*See* Compl. at Pg ID 28–64.) The second part of the Complaint consists primarily of legal argument that "[y]oung adults age 18–20 meet the qualifications for a quasi-suspect class and this case should be subject to strict scrutiny and at the very least intermediate scrutiny." (Compl. at Pg ID 19.)

The Governor's Motion first challenges the Complaint for lack of standing. (Mot. at 1.) The requirement that a plaintiff have standing "limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into 'a vehicle for the vindication of the value interests of concerned bystanders.'" *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002) (quoting *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)). To establish standing, "a plaintiff must demonstrate (1) he

---

[1] Packnett also copied whole passages from other sources without attribution. *See, e.g.*, Harry Pearl, *Lowering legal drinking age had no impact: study*, http://www.stuff.co.nz/waikato-times/news/8523207 (last updated Aug. 4, 2013); University of Otago Dep't of Economics, *Steve Sillman*, http://www.business.otago.ac.nz/econ/staff/stillman.html (last visited Jan. 31, 2014)). Even considering Packnett's pro se status, this is unacceptable. "While our legal system stands upon the building blocks of precedent, necessitating some amount of quotation or paraphrasing, citation to authority is absolutely required when language is borrowed." *United States v. Bowen*, 194 F. App'x 393, 402 (6th Cir. 2006).

or she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical; (2) the injury is fairly traceable to the defendant's challenged action; and (3) it is likely, not speculative, that the injury will be redressed by a favorable decision." *Ailor v. City of Maynardville, Tenn.*, 368 F.3d 587, 596 (6th Cir. 2004) (citing *Cleveland Branch, NAACP v. City of Parma, Ohio*, 263 F.3d 513, 523–24 (6th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Standing must exist at the time an action is brought. *Id.*

As the Governor points out, "The Complaint does not include any allegations establishing Plaintiff's age or whether he is eligible to purchase o[r] possess alcoholic beverages under Michigan law." (Mot. at 3.) The Complaint makes a handful of very general allegations of injury to "adults age 18–20," but never states that Plaintiff was a member of this group at the time the Complaint was filed. (*See, e.g.*, Complaint at Pg ID 1–2, 23–24.) Even in Plaintiff's response to the Motion, he does not state outright that he was personally affected by the challenged law at the time the action was filed. The closest he comes is to state: "Article IV section 40 has been violating my civil rights as well as that of every Michigan citizen in the affected age group because the Governor of Michigan (Rick Snyder) has turned a blind eye to evidence that article IV section 40 is not effective which results in the violation [of the] 14th amendment because it is not saving lives thus has no rational basis for enactment and enforcement." (Resp. at 3.) Plaintiff's failure to allege that he had a personal stake at the time of filing the action prevents the court from exercising jurisdiction. *Babbitt*, 291 F.3d at 916–17 ("Because plaintiffs cannot 'rest [their] claim to relief on the legal rights or interests of third parties' but rather 'must assert [their] own legal rights and interests,' . . . they have failed to

4

2:13-cv-12064-DML-LJM   Doc # 12   Filed 02/06/14   Pg 5 of 9   Pg ID 104

establish their standing to assert federal jurisdiction. This is so even though the court's judgment may benefit them collaterally.").

But even if Plaintiff had alleged facts that could establish standing, his claim is foreclosed as a matter of law.

In the same year that Michigan's current legal drinking age was established by a constitutional amendment passed by voters, its constitutionality was challenged on Equal Protection grounds. *See Felix v. Milliken*, 463 F. Supp. 1360 (E.D. Mich. 1978). A court in this district conducted a detailed analysis of the precedents and concluded that consumption of alcoholic beverages is not a fundamental right and age is not a suspect classification, and therefore to be constitutional the law's classification need only be rationally related to a legitimate state interest. *See id.* at 1364–74.

The *Felix* court's analysis is buttressed by more recent decisions holding that age is not a suspect classification and drinking alcohol is not a fundamental right. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 83 (2000) (noting that "an age classification is presumptively rational" in holding that Congress acted pursuant to a valid grant of constitutional authority when it enacted the Age Discrimination in Employment Act); *Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991) (applying rational basis test to find constitutional a requirement that judges retire at age seventy); *Gary v. City of Warner Robins*, 311 F.3d 1334, 1337 (11th Cir. 2002) (applying rational basis test to uphold a law barring persons under twenty-one from entering or working at non-eating establishments that serve alcohol by the drink); *Breck v. Michigan*, 203 F.3d 392, 395 (6th Cir. 2000) (applying rational basis test to uphold Michigan law making persons seventy and older ineligible for judicial office); *Gabree v. King*, 614 F.2d 1, 2 (1st Cir. 1980) (applying rational basis test to conclude that Massachusetts'

legal drinking age did not violate equal protection principles after finding that age was not a suspect class and it "cannot be seriously argued that there exists a fundamental interest in drinking alcoholic beverages").

To establish the Governor's liability, therefore, Plaintiff would have to prove that Michigan's legal drinking age is not rationally related to a legitimate state interest. The Court does not believe that this claim has facial plausibility as required by *Ashcroft v. Iqbal. See* 556 U.S. at 678.

The *Felix* court upheld the law. The court concluded that there was "an impressive and unrefuted body of statistical data which graphically demonstrates the permanent and significant increase in alcohol-related traffic accidents and fatalities affecting the 18 to 21 year old group after the Michigan drinking age was lowered to age 18," and "[t]his data supports the finding of a rational basis for a classification comprised of 18, 19 and 20 year olds." *Felix*, 463 F. Supp. at 1382.

The Governor argues that the *Felix* decision decides the matter: "Plaintiff's Complaint makes essentially the same arguments that were raised in *Felix*, but those arguments are not any more legally compelling than they were in 1978." (Mot. at 9.) Plaintiff, if his response is read very generously, maintains that his argument is different from those rejected in *Felix* because his is based on new research. (*See* Resp. at 1–2.) He concedes that "[t]here was a government interest to lower the number of drunk driving fatalities for the 18–20 year old age range." (Compl. at Pg ID 16.) But he contends that "there is very compelling evidence that under Governor Rick Snyder Article IV section 40 statistical accomplishments have been misrepresented by his departments and it has had no effect on reducing drunk driving accidents." (Compl. at Pg ID 25.)

The Court assumes, for purposes of this motion to dismiss, that Plaintiff's contention is true, and that the data that supported a rational relation between the classification of under-21-year-olds

and the legitimate state interest of reducing alcohol-related traffic accidents has been disproved by subsequent research. But new information cannot retroactively render the voters' purpose irrational. It is the perspective of those who made the law that must be rational, not this Court's judgment with the benefit of hindsight—or new research. *See Vance v. Bradley*, 440 U.S. 93, 110–11 (1979) ("In ordinary civil litigation, the question frequently is which party has shown that a disputed historical fact is more likely than not to be true. In an equal protection case of this type, however, those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker."). At the time the provision was passed by Michigan's voters, available data supported a relation between the under-21-year-old classification and the interest in reducing drunk driving accidents. That is sufficient to uphold the constitutionality of the law.

The Court notes that this is not Packnett's first attempt. He filed two previous actions to challenge Michigan's legal drinking age, and both were dismissed for failure to state a claim. *See Packnett v. State of Michigan*, No. 13-10024, Order Granting Plaintiff's Petition to Proceed In Forma Pauperis and Dismissing Complaint (Jan. 8, 2013 E.D. Mich.) (Cohn, J.) ("In *Felix*, the federal court held, among other things, that setting the legal drinking age in Michigan as 21 did not violate the Equal Protection Clause. Thus, plaintiff's identical claim fails based on the holding in *Felix*."); *Packnett v. Rick Snyder*, No. 13-11689, Order Denying Application to Proceed In Forma Pauperis and Dismissing Plaintiff's Complaint (May 1, 2013 E.D. Mich.) (Zatkoff, J.) ("Because Plaintiff fails to demonstrate that there is no rational connection between the legislation and a legitimate state interest, his complaint must be dismissed.").

7

Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE and without leave to amend**.

The parties to this action may object to and seek review of this Report and Recommendation by the district judge within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  February 6, 2014

8

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 6, 2014.

s/Jane Johnson
Deputy Clerk